# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SILVESTRI PAVING CO., STATE OF ) <br> ILLINOIS, CITY OF HARVEY, HARVEY ) <br> PARK DISTRICT, ) <br> ) <br> Defendants. ) <br> ) | No. 10 C 07971 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

On December 12, 2010, plaintiff Cincinnati Insurance Co. filed a five count complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking *inter alia* a declaration that Cincinnati has no duty to defend or indemnify Silvestri in the underlying consolidated cases (*Illinois v. Excavating & Lowboy Services Inc, et al.*, No. 04 CH 8063, *Illinois v. Excavating & Lowboy Services Inc, et al.*, No. 04 CH 9347, and *Illinois v. K-Five Construction Corp.*, No. 07 CH 11709) pending in state court. Defendant Silvestri moves to dismiss or stay the complaint pursuant to the *Wilton/Brillhart* Abstention Doctrine. This Court heard oral arguments on the motion on September 30, 2011. For the reasons that follow, Silvestri's motion is denied.

**Background**

*1. The Underlying Consolidated Cases*

The instant case arises from litigation currently pending in state court, wherein Silvestri is a third-party defendant and Cincinnati as its insurer is defending Silvestri under a right of

reservation. On May 19, 2004, the State of Illinois filed a lawsuit, *Illinois v. Excavating & Lowboy Services Inc, et al.*, No. 04 CH 8063, against Excavating & Lowboy Services Inc. and Daniel Serritella alleging that Lowboy and Serritella violated the Illinois Environmental Protection Act (IEPA), by allowing open dumping of waste and conducting a waste disposal operation without a permit at a location known as "the 155th Street Site." On June 10, 2004, the State of Illinois filed a lawsuit, *Illinois v. Excavating & Lowboy Services Inc, et al.*, No. 04 CH 8063, against Excavating & Lowboy Services Inc. and Daniel Serritella alleging that Lowboy and Serritella violated the Illinois Environmental Protection Act, by allowing open dumping of waste and conducting a waste disposal operation without a permit at Worthy Park. The cases were consolidated on October 12, 2004. The State of Illinois filed a First Amended Complaint naming the City of Harvey and the Harvey Park District as additional defendants on December 20, 2004. In December 2006, the Harvey defendants filed several Third-Party Complaints against multiple defendants including Silvestri. A third case, *Illinois v. K-Five Construction Corp*, No. 07 CH 11709, was filed on April 30, 2007, naming Silvestri as a defendant and asserting similar allegations to the other two complaints that the dumping at the Worthy Park Site and the 155 th Street Site violated the IEPA. The third complaint was consolidated with the first two.

Cincinnati alleges that it received notice of the Consolidated Cases/the underlying lawsuits on January 25, 2010. Cincinnati initially denied coverage, but subsequently agreed to defend Silvestri under a reservation of rights.

## 2. Declaratory Judgment

Cincinnati filed the instant case seeking a coverage determination. In particular, Cincinnati claims that it has no duty to defend or indemnify Silvestri because (1) the policies

2

contain a Pollutant Exclusion that precludes coverage for "property damage," "personal injury," or "personal and advertising injury" resulting from the disposal of pollutants including waste, (2) the underlying consolidated cases allege Silvestri illegally and intentionally disposed of waste at the Sites, which does not qualify as an "occurrence" under the policies, (3) the policies exclude coverage for losses that the insured expected or intended to occur, (4) the underlying consolidated cases do not involve "property damage" as defined in the policies, and (5) Silvestri did not provide timely notice to Cincinnati of the "occurrences, claims or suits."

**Legal Standard**

When considering a motion to dismiss, well-pleaded facts in the complaint are accepted as true and any ambiguities are resolved in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Pisciotta v. Old Nat. Bancorp*, 499 F. 3d 629, 633 (7th Cir. 2007). On motions pursuant to Rule 12(b)(1) materials outside the pleadings may be considered. *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003)(en banc).

Pursuant to the *Wilton/Brillhart* Doctrine, a district court has discretion to stay or dismiss an action seeking a declaratory judgment pursuant to 28 U.S.C. §2201(a). *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 495 (1942), and *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995); *see also Sears, Roebuck, and Co. v. Zurich Insurance Co.*, 422 F.2d 587, 588 (7th Cir. 1970). The *Wilton/Brillhart* Doctrine most often applies where a parallel case, involving the same parties and providing for adjudication of the same issues, is pending in state court. *See Wilton*, 515 U.S. at 283 (citing *Brillhart,* 316 U.S. at 495.) When determining if a pending state court case is parallel, the court focuses on "whether there is a substantial likelihood that the [state court] litigation will dispose of all claims presented in the federal case."*Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 987 (7th Cir. 2010). Whether there is a

3

parallel case is a factor that weighs in favor of abstaining under the doctrine, but is not the only factor. *See Medical Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010). "[T]he federal court should consider (among other matters) whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding, whether the parties to the two actions are identical, whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation, and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time." *Id.* at 379.

**Discussion**

Silvestri argues that this Court should dismiss or stay this case to because in order to determine coverage this Court would have to delve into factual issues that should be left for resolution in the underlying consolidated cases. Silvestri also argues that a declaration that Cincinnati has not duty to indemnify Silvestri can only be made *after* there is finding of liability. Lastly, Silvestri argues that Cincinnati is attempting to avoid its obligations under the policies and forum shop because the arguments for why it has not duty to defend or indemnify Silvestri have been resolved by two decisions made in declaratory judgment actions brought by other parties in the underlying consolidated cases. Silvestri contends that the policies at issue here are nearly identical to the ones that Judge Pantle and Judge Bonnie Wheaton have already found a duty to defend and indemnify.

Although this Court has discretion to abstain from exercising jurisdiction or stay the proceedings, Silvestri has failed to show that dismissal or a stay is appropriate in this situation. A motion to stay is an exercise of judicial discretion, rather than a matter of right. *Indiana State*

4

*Police Pension Trust v. Chrysler LLC*, 129 S.Ct. 2275, 2276 (2009). First, there is no parallel pending litigation in state court. Cincinnati is not a party to the underlying consolidated cases and, more importantly, the claims that Cincinnati brings to this Court will not be resolved in the underlying cases. At issue in the state court proceedings are Silvestri and its co-defendants' liability under the Illinois Environmental Protection Act (IEPA) for allegedly dumping waste and construction debris without a permit in an improper site. Here, Cincinnati is seeking a declaration of coverage under its insurance policies as Silvestri's insurer. While Silvestri asserts that in order for this Court to make such a declaration as to Cincinnati's duty to defend and indemnify, it would have to make certain factual findings as to ultimate issues in the underlying case. Silvestri's argument is unpersuasive. Whether Silvestri dumped "waste" in violation of the IEPA is liable for damages to the State of Illinois, is an independent from the issue of whether the allegations in the underlying case are covered by Silvestri's insurance policies with Cincinnati.

Silvestri argues that this Court should abstain from hearing this case because it would be re-litigating previously determined issues. Silvestri bases this argument on two coverage determinations made by Judge Pantle and Judge Wheaton in declaratory judgment actions of other defendants and their insurers in the underlying consolidated case. This Court finds it somewhat telling that Silvestri does not argue that required those rulings required the court to delve into factual issues and were therefore improperly decided. Instead, Silvestri holds out those decisions as decisive of the issues now before the Court in an effort to persuade this Court to abstain despite Cincinnati, its insurance policies, and Silvestri not being party to those actions.

Under Illinois law, an insurer has two options when facing a potential claim that the insurer believes is not covered by the policy: "(1) defend the lawsuit under a proper reservation

of rights, or (2) secure a declaratory judgment about its obligations under the policy prior to trial." *Utica Mut. Ins. Co. v. David Agency Ins., Inc.,* 327 F.Supp.2d 922, 927 (N.D. Ill. 2004)(citing *Employers Ins. of Wausau v. Ehlco Liquidating Trust*, 186 Ill.2d 127 (1999)). Here, Cincinnati is exercising its right to have a court of competent jurisdiction hear its claims and declare the rights and obligations of it and Silvestri under the insurance policies. This Court is as able as Judge Pantle and Judge Wheaton, pursuant to diversity jurisdiction, to hear and determine the coverage issues in this matter without resolving ultimate issues of liability at issue in the underlying consolidated case.

This Court finds this case similar to the situations in *Nationwide Ins. v. Zavalisi*, 52 F.3 689 (7th Cir. 1995), and *Sears, Roebuck & Co. v. Zurich Ins. Co.*, 422 F.2d 587 (7th Cir. 1970). In *Nationwide*, the Seventh Circuit reversed the district court's dismissal of an insurer's claim for declaratory judgment on the issue of its duty to defendant an insured in a pending state-court case. In reversing, the court noted that "[t]he insurance company's obligation to supply a defense is most often determined primarily, if not exclusively, from the face of the underlying complaint against the insured," and that the insurer's duty to defend in that case "can be evaluated without any excursion into factfinding that would interfere with the… underlying state court suit." *Nationwide*, 52 F.3d at 693-95.

In *Sears*, the Seventh Circuit reversed the district court's *sua sponte* dismissal of Zurich's declaratory judgment action. In that case, a customer sued Sears in Massachusetts state court, alleging that a defective product damaged his property. Sears submitted the defense of the case to its insurer, Zurich, who declined coverage and refused to defend Sears in the underlying case. In reversing, the court stated that "[t]he controversy between Sears and Zurich involves the duty to defend, timely notice, and co-operation. These issues will not be determined in the

[underlying] action and are ripe for review in the District Court of Illinois. Determination of these issues by the district court will relieve the parties from hereafter acting to their peril." *Sears*, 422 F.2d at 590.

The present case is the same. The issues of Cincinnati's duty to defend and indemnify, as well as timely notice will not be determined in the underlying action and are ripe for resolution here. A declaration from this Court will relieve the parties from acting to their peril. Accordingly, Silvestri's motion is denied.

IT IS SO ORDERED.

Date: October 4, 2011

Entered:_____

Judge Sharon Johnson Coleman